Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Flanigan,<br><br>                    Plaintiff,<br><br>v.<br><br>EMCOR Facilities Services, Inc.,<br><br>                    Defendant. | **ORIGINAL COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

Plaintiff Victoria Flanigan, by and through the undersigned counsel, hereby seeks relief under Title VII, the Americans with Disabilities Act, and 42 U.S.C. § 1981, as follows:

**PARTIES**

1. Plaintiff Victoria Flanigan was at all relevant times herein a resident of Maricopa County, Arizona, and an "employee" of EMCOR Facilities Services, Inc. for purposes of Title VII, ADA, and Section 1981.

2. Defendant EMCOR Facilities Services, Inc. ("EMCOR") is a foreign corporation at all relevant times conducting its business in Maricopa County, Arizona.

3. EMCOR was an "employer" of Plaintiff within the meaning and purposes of Title VII, ADA, and 42 U.S.C. § 1981, at all times material to this action.

4. At all times pertinent to this Complaint, EMCOR's managerial employees were acting within the course and scope of their employment with EMCOR; and as a result thereof, EMCOR is responsible and liability is imputed for the acts and omissions of its managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.



5. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

7. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

8. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

9. EMCOR is a nationwide facility management company that employs well over 500 employees nationwide.

10. EMCOR employed Ms. Flanigan in Maricopa County beginning in December 2015.

11. Ms. Flanigan worker for EMCOR as an Account Coordinator.

12. Ms. Flanigan is African American.

13. Early in her employment, Ms. Flanigan noticed a pattern and practice of hostile and discriminatory behaviors against African-Americans, including herself, at EMCOR.

14. The hostile treatment continued, with multiple African American employees being pressured to resign under questionable disciplinary actions based on policies not evenly enforced against similarly-situated white individuals.

15. Because of this behavior from EMCOR, Ms. Flanigan filed her first EEOC charge against EMCOR on or about May 11, 2018.

16. The EEOC resolved that charge without issuing a letter of determination in Ms. Flanigan's favor.

17. During the investigation of that charge, EMCOR began to retaliate against Ms. Flanigan.

18. The retaliation included additional hostile treatment by Ms. Flanigan's supervisors and the denial of her attempts to transfer to another department within the company.

19. Additionally, Ms. Flanigan began requesting an accommodation for a disability – specifically the ability to work from home.

20. She initiated these requests in June 2017, November 2018, and December 2018.



21. EMCOR denied this accommodation outright and failed to enter a reasonable interactive dialogue with Ms. Flanigan.

22. After Ms. Flanigan was denied this accommodation, EMCOR approved another Account Coordinator's request to work from home in June 2019.

23. Upon information and belief, at least 15-20 other Account Coordinators on other teams within EMCOR were permitted to work from home.

24. In March 2019, Ms. Flanigan renewed her request for an accommodation to her new supervisor.

25. In April 2019, Ms. Flanigan was notified that her accommodation had been approved, along with her request for FMLA leave.

26. However, in June 2019, Ms. Flanigan was informed that the same management individuals who had previously denied her accommodation "had problems" with her accommodation once again, and were questioning her right to take FMLA leave.

27. One of these management individuals accosted Ms. Flanigan and expressed hostility towards her accommodation and FMLA request.

28. Upon information and belief, these management individuals were motivated by Ms. Flanigan's race, disability, FMLA leave, and/or her protected activity.

29. Since finally being approved for intermittent FMLA leave, Ms. Flanigan's managers have continually scrutinized her use of leave, questioned her co-workers about her use of that leave, and otherwise made it clear that they are unhappy with her ability to use intermittent FMLA leave.

30. Ms. Flanigan was fearful that she would lose her job as a result of the hostility.

31. It got so bad that Ms. Flanigan was suspended for three days without pay in early June 2019 based on a false accusation.

32. Ms. Flanigan immediately filed her second charge of discrimination on June 10, 2019, which was amended on July 10, 2019. A true and correct copy of that charge, as amended, is attached hereto as Exhibit A.

33. The EEOC investigated the charge, which included race, disability, and retaliation.



34. On February 10, 2010, the EEOC issued a letter of determination sustaining Ms. Flanigan's charge of retaliation in violation of Title VII. A true and correct copy of the letter of determination is attached hereto as Exhibit B.

35. On June 25, 2020, the EEOC issued a notice of suit rights to Ms. Flanigan. A true and correct copy of the notice is attached hereto as Exhibit C.

36. Ms. Flanigan has filed this lawsuit within 90 days of receiving her notice of suit rights.

37. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

### FIRST CAUSE OF ACTION – TITLE VII DISCRIMINATION

38. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

39. Plaintiff is a member of a protected class: African American.

40. As described above, Plaintiff was subject to unlawful discrimination in that she was held to a different standard than her non-African-American co-workers by her supervisors – disparate treatment because of her race.

41. As a direct and proximate result of EMCOR's conduct, Plaintiff has lost wages, including the unpaid suspension.

42. As a direct and proximate result of EMCOR's conduct, Plaintiff has further sustained damages in the form of emotional distress and medical expenses.

43. EMCOR's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

### SECOND CAUSE OF ACTION – TITLE VII RETALIATION

44. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

45. Plaintiff engaged in protected activity as described above.

46. Plaintiff experienced adverse action for his protected activity – namely, the denial of her attempts to transfer, hostility towards her requests to transfer and her requests for an accommodation.

47. But for her protected activities, Plaintiff would not have received these adverse actions.



48. As a direct and proximate result of EMCOR's conduct, Plaintiff has lost wages, including the unpaid suspension.

49. As a direct and proximate result of EMCOR's conduct, Plaintiff has further sustained damages in the form of emotional distress and medical expenses.

50. EMCOR's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

## THIRD CAUSE OF ACTION - RACED-BASED DISCRIMINATION IN VIOLATION OF 42 USC § 1981

51. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

52. Plaintiff is a member of a non-white minority – African-American.

53. Plaintiff's employment with EMCOR – like all employment in Arizona, including at-will employment - is contractual in nature.

54. Defendant discriminated against Plaintiff based on her race in the performance, modification, and termination of her employment contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

55. Specifically, Defendant gave less protection from discrimination to Plaintiff and heightened the standards and requirements placed upon her than those imposed on similarly-situated white individuals.

56. Defendant's discrimination was intentional.

57. As a direct and proximate result of EMCOR's conduct, Plaintiff has lost wages, including the unpaid suspension.

58. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

59. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages against the Defendant.



## FOURTH CAUSE OF ACTION - RACED-BASED RETALIATION IN VIOLATION OF 42 USC § 1981

60. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

61. Plaintiff is a member of a non-white minority – African-American.

62. Plaintiff's employment with EMCOR is contractual in nature.

63. Defendant retaliated against Plaintiff based on her protected activity of complaining about discriminatory actions by supervisors against herself and others based on race.

64. The retaliation directly impacted performance, modification, and termination of her employment contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

65. Defendant's retaliation was intentional.

66. As a direct and proximate result of EMCOR's conduct, Plaintiff has lost wages, including the unpaid suspension.

67. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

68. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages against the Defendants.

## FIFTH CAUSE OF ACTION – ADA DISCRIMINATION AND HARASSMENT

69. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

70. Plaintiff was a qualified individual with a disability, capable of performing her job with reasonable accommodations.

71. Plaintiff's physical and mental condition, as described above, caused substantial limitation to the performance of major life activities.

72. Plaintiff's requests for an accommodation further placed Defendant on notice of a disability and contributed to the perception by Defendant that Plaintiff experienced substantial

limitations of major life activities.

73. Defendant exhibited hostility and demanded inappropriate levels of detail regarding her condition, and constantly and unreasonably challenged her need for an accommodation.

74. Furthermore, Defendant failed to keep Plaintiff's medical condition private, and placed in her the position of having to talk about her medical condition repeatedly to her supervisor.

75. By these actions, Defendant has engaged in direct discrimination and harassment against Plaintiff, as well as treating her disparately from other non-disabled workers in violation of the ADA.

76. As a direct and proximate result of EMCOR's conduct, Plaintiff has lost wages, including the unpaid suspension.

77. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

78. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages against the Defendant.

## SIXTH CAUSE OF ACTION – ADA RETALIATION

79. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

80. Plaintiff engaged in protected activity by reporting a perceived hostile work environment to Defendant's HR and filing a charge with the EEOC.

81. Defendant has retaliated against Plaintiff for engaging in protected activity by taking several adverse actions as described herein in violation of the ADA.

82. As a direct and proximate result of EMCOR's conduct, Plaintiff has lost wages, including the unpaid suspension.

83. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.



84. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### SEVENTH CAUSE OF ACTION – FMLA INTERFERENCE

85. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

86. Plaintiff applied for and received FMLA leave during her employment with Defendant for her own serious health condition.

87. Furthermore, Defendant interfered with Plaintiff's FMLA rights by, *inter alia*, refusing to authorize FMLA leave for her, discouraging her from using FMLA leave, using an her request for or use of FMLA leave as a negative factor in employment actions, such as hiring, promotions, transfer, or disciplinary actions.

88. As a direct and proximate result of EMCOR's conduct, Plaintiff has lost wages, including the unpaid suspension.

89. The Defendant's actions in violating the FMLA were willful, unreasonable, and without good faith.

90. Thus, in addition to the amount of any lost compensation, benefits and other monetary damages owed, Plaintiff is entitled to recover from the Defendant an additional equal amount as liquidated damages.

### JURY TRIAL DEMANDED

91. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal law;

B. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

C. Directing Defendant to place Plaintiff in the position she would have occupied but



for Defendant's unlawful actions, and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including, but not limited to, back pay, front pay, pension, and other lost benefits;

  D. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury;

  E. Awarding Plaintiff liquidated damages in an amount equal to her other economic damages;

  F. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

  G. Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted on this 22nd day of September, 2020,

           JOSHUA CARDEN LAW FIRM, P.C.

           By: s/Joshua W. Carden
           Joshua W. Carden
           *Attorneys for Plaintiff*
           *Victoria Flanigan*

